| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: CR 94-0206 SBA |
| Plaintiff, | **ORDER DENYING DEFENDANT CORNEJO'S PRO SE MOTION SEEKING RELIEF ALONG WITH MONETARY DAMAGES FOR VIOLATION OF THE PRIVACY ACT BY THE FEDERAL BUREAU OF PRISONS** |
| vs. | |
| RAFAEL CORNEJO, | |
| Defendant. | |
| | Docket 429 |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

Defendant Rafael Cornejo ("Defendant" or "Cornejo") presently is serving a 360-month sentence at FCI-Victorville in Adlento, California, based on a drug trafficking conviction suffered in 1995 in <u>United States v. Cornejo</u>, Case No. CR 92-403 MMC ("<u>Cornejo I</u>.").[1] During the pendency of <u>Cornejo I</u>, Cornejo and three others were charged in an Indictment with conspiracy to commit an escape in violation of 18 U.S.C. § 731. The undersigned dismissed the Indictment with prejudice on the grounds of prosecutorial misconduct.

This matter is now before the Court on Defendant's pro se "Motion Seeking Relief Along with Monetary Damages for Violation of the Privacy Act by the Federal Bureau of Prisons." Dkt. 429. Cornejo claims that prison officials at FCI-Victorville have refused to correct his prison record to reflect that the escape charged was dismissed with prejudice. Having read and considered the papers submitted, and being fully informed, the Court DENIES the motion without prejudice, as set forth below.

---

[1] The case was later reassigned to the Honorable Maxine Chesney.

# I. BACKGROUND

## A. PRIOR HISTORY

In August 1992, the Government filed an Indictment against Cornejo, Miguel Angel Barrenechea ("Barrenechea") and various others, charging them with conspiracy to distribute cocaine, among other charges. Cornejo I, Dkt. 14. The action was assigned to the Honorable Thelton E. Henderson. While awaiting trial, Cornejo and Barrenechea were detained at FCI-Dublin. Through a confidential informant, the Government learned that Cornejo and Barrenechea, along with Charles Robert Hardin ("Hardin") and Kenneth Edward Elliott ("Elliott"), were allegedly plotting an escape. As a result, on April 28, 1994, the Grand Jury returned an Indictment against Cornejo, Barrenechea, Hardin and Elliott, charging them with conspiring to commit an escape. The new action was assigned to this Court, which, on March 5, 1996, granted the defendants' motion to dismiss based on its findings of prosecutorial misconduct. See United States v. Cornejo, et al., No. C 94-206 SBA, 1996 WL 107271 (N.D. Cal. 1996).

Following the Court's dismissal of the instant criminal action, Cornejo remained in custody at DCI-Dublin pending trial in Cornejo I. According to Cornejo, the Indictment in the instant case resulted in FCI-Dublin generating an Incident Report charging him with "escape from escort, secure institution, or escape with violence." Def.'s Mot, Ex. AA, Dkt. 429. As a result of that charge, he was escorted to the Secured Housing Unit at FCI-Dublin to await a disciplinary hearing. Def.'s Mot. at 2. The hearing took place on May 27, 1997, at which time the Disciplinary Officer reported that the Incident Report was to be expunged from his record. Id.

In the meantime, the prosecution of Cornejo I proceeded to trial before Judge Henderson in September 1995. Cornejo I, Dkt. 1512. The trial concluded on December 7, 1995, following the jury's guilty verdict on multiple counts against Cornejo. Dkt. 1512, 1646. On May 16, 1997, Judge Henderson sentenced Cornejo to the custody of the Bureau of Prisons ("BOP") for term of 360 months. Dkt. 2074. Cornejo presently is serving his sentence at FCI-Victorville, which lies within the Central District of California.

| | |
|---|---|
| 1 | Although his escape charge had previously been expunged, Cornejo claims that he |
| 2 | always felt the BOP would "fudge" his record and use the expunged charge to negatively |
| 3 | affect his classification. Mot. at 3, Dkt. 429. For example, Cornejo claims that in May |
| 4 | 2006, he was informed by personnel at FCI-Victorville that he was being placed in a "High |
| 5 | Visibility Program" due to a notation in the computer that he had previously been charged |
| 6 | with conspiracy to escape. Id. As a result of that notation, Cornejo alleges that he has |
| 7 | unnecessarily been subjected to heightened security restrictions and has lost a commissary |
| 8 | position. Id. at 3-5. Cornejo also claims that he has filed numerous administrative |
| 9 | grievances with prison officials, including the Warden and the BOP's Regional Director, to |
| 10 | have his record corrected, but to no avail. Id. |

### B. MOTION BEFORE THE COURT

To address the BOP's alleged failure to correct his prison record, Cornejo has filed a motion in the instant case in which he claims that the BOP's actions violate the Privacy Act, 5 U.S.C. § 552(a). To redress this alleged violation, the motion seeks the issuance of an order: (1) directing the BOP to correct his security classification and pay compensatory and punitive damages in the sum of $57,000 and $450,000, respectively; and (2) preventing the BOP from retaliating against him or moving him from FCI-Victorville. Id. at 10. There is no indication that Cornejo served his motion on the Government or the BOP, which is not a party to this action.

## II. DISCUSSION

The threshold issue before the Court is whether Cornejo's request is properly before the Court. It is not. This case was brought as a criminal prosecution by the United States against Cornejo and three co-defendants. Given that the Court dismissed those charges, Cornejo's present confinement is entirely unrelated to any ruling by this Court. Moreover, the relief sought by Cornejo is directed to the BOP, which is not nor has ever been a party to this action. Thus, the Court finds that Cornejo's motion is improper and must therefore be denied.

For the benefit of Cornejo, the Court notes that if he desires to pursue his putative Privacy Act claims against the BOP, the proper course of action is to file a new civil action. See Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973) (holding that a civil suit is a proper remedy for challenge to conditions of confinement). The Privacy Act provides for venue in any of the following districts: (1) the district where the plaintiff resides or has his principal place of business; (2) the district where the records at issue are located; or (3) the District of Columbia. See 5 U.S.C. § 552a(g)(5). Given that Cornejo is incarcerated in FCI-Victorville, coupled with the fact that the challenged records are alleged to be located there, it is the Central District of California, not the Northern District of California, which appears to be the appropriate venue for a lawsuit based on the Privacy Act. See Pickard v. Dept. of Justice, No. C 10-05253 LB, 2011 WL 2199297, *2 (N.D. Cal. June 7, 2011) (finding that Privacy Act claims filed by federal prisoner was properly venued in the District of his incarceration).[2]

## III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Defendant Cornejo's Motion Seeking Relief Along with Monetary Damages for Violation of the Privacy Act by the Federal Bureau of Prisons is DENIED without prejudice to filing his claim as a new action in a court of competent jurisdiction where venue is proper. This Order terminates Docket 429.

IT IS SO ORDERED.

Dated: June 17, 2013

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT

---

[2] A federal inmate may, under certain circumstances, state a claim against the BOP under the Privacy Act for willfully or intentionally failing to maintain accurate records. Sellers v. Bureau of Prisons, 959 F.2d 307 310 (D.C. Cir. 1992). The Court makes no finding as to whether the Privacy Act applies here under the factual scenario presented. Rather, that issue must be adjudicated in a separate lawsuit in which the BOP is a party.

FOR THE
NORTHERN DISTRICT OF CALIFORNIA

USA,

        Plaintiff,

 v.

CORNEJO et al,

        Defendant.
_____/

                                                                   Case Number: CR94-00206 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 17, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

**Ralph Cornejo** (1)
79187-011
FCI #1 Victorville
P.O. Boc 5300
Adelanto, CA 92301


Dated: June 17, 2013
                                        Richard W. Wieking, Clerk
                                        By: Lisa Clark, Deputy Clerk